UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHN E. CRUZ,

                              Plaintiff,                         05-cv-1252
                                                                       (SJF)(ARL)
       -against-

                                                                       **OPINION & ORDER**

TOYOTA MOTOR CREDIT CORPORATION
and LEXUS FINANCIAL SERVICES,

                              Defendants.
-----------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

Defendants Toyota Motor Credit Corporation ("Toyota") and Lexus Financial Services' ("Lexus" and together with Toyota, "Defendants") have moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b)[1] and to dismiss and/or strike plaintiff John E. Cruz's ("Cruz" or "Plaintiff") Fifth and Sixth Causes of Action. For the reasons set forth below, Defendants' motions are denied and this action is remanded to the state court for lack of subject matter jurisdiction.

II.     Background

Plaintiff leased a car from Lexus on May 31, 2000. (Cruz Aff. in Opp. ¶ 2). In May 2002, Plaintiff discovered that Toyota, the entity to whom payments are "ultimately reported to and accounted for," erroneously reported that his car payments had been delinquent. (Id. ¶¶ 3-5). Plaintiff informed Lexus of this error, (id. ¶ 5), and, on May 7, 2002, claims to have received a

---

[1] Defendants have styled their motion as one for "reconsideration." The rule under which they seek relief is Fed. R. Civ. P. 60(b), however, which addresses Relief From Judgment or Order.

fax from Defendants "stating that an investigation of their records indicated that I was correct and that there were not any late payments concerning the lease. The letter further stated that [Defendants] would correct my credit report by hav[ing] all the delinquencies deleted therefrom." (Id. ¶ 6). Over the course of the next two months, Plaintiff confirmed with two separate credit unions and "CDI" that the issue had been resolved. (Id. ¶¶ 7-9).

On December 30, 2002, Plaintiff received a new credit report from CDI indicating that he had been delinquent on nine occasions. (Id. ¶ 10). Plaintiff contacted Toyota on January 16, 2003 and informed them of the error and that "their incorrect reporting of late payments was affecting [his] ability to purchase real estate and [he] was incurring damages because of Toyota's incorrect reporting." (Id. ¶ 11). On January 29, 2003, Plaintiff received a letter from Toyota confirming that his payments had been timely. (Id. ¶ 13). Subsequent credit reports ordered through CDI in March and April, however, revealed that the error had not been corrected. (Id. ¶¶ 14, 17). Furthermore, according to Plaintiff, his application for a Target credit card was denied on April 28, 2004, and "[p]revious to this [he] had never been denied credit." (Id. ¶ 16).

On July 18, 2003, Plaintiff filed suit against Defendants in New York State Supreme Court, Suffolk County, asserting causes of action for libel, tortious interference with business advantage and other New York state claims. (Id. ¶ 15; Not. of Rem., Ex. A). Defendants moved to dismiss the action on the ground that these claims were preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff then cross-moved for leave to amend his complaint to include a cause of action under 15 U.S.C. § 1681s-2. (Feb. 14, 2005 Order). On February 14, 2005, Supreme Court Justice Paul J. Baisley, Jr. denied Defendants' motion to dismiss and granted Plaintiff's motion for leave to amend on the condition that "service of the amended verified pleading is made within twenty (20) days of entry of the within

order." (Id.). On March 8, 2005, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, (Not. of Rem.), claiming jurisdiction under 28 U.S.C. §§ 1331 and 1367(a).

III. Analysis

Prior to addressing the merits of Defendants' motions, this Court must establish that it has jurisdiction to proceed. Usha (India), Ltd. v. Honeywell Int'l, Inc., 2005 U.S. App. LEXIS 18574, at *7 (2d Cir. 2005) (citing Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse, 996 F.2d 506, 512 (2d Cir. 1993)); 28 U.S.C. § 1447(c); McNally v. Port Auth. (In re WTC Disaster Site), 414 F.3d 352, 365 (2d Cir. 2005). Upon a finding that subject matter jurisdiction is lacking, the Court must remand the case to state court at any time before final judgment has been entered. 28 U.S.C. § 1447(c). Defendants' Notice of Removal claims jurisdiction under 28 U.S.C. § 1331, which grants this Court jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to Defendants, "[t]his matter involves a federal question under the Fair Credit Reporting Act," and the Court therefore possesses subject matter jurisdiction.

Under the 'well-pleaded complaint' rule, the Court must assess whether the "complaint asserts a federal claim on its face." City of Rome v. Verizon Communs., Inc., 362 F.3d 168, 174 (2d Cir. 2004). In the event the complaint fails to assert a federal claim, the Court "must then inquire as to whether the case falls within an exception to the well-pleaded complaint rule, that of federal preemption, and ask whether the [federal law] completely preempts state and local law." Id.

In the instant case, Plaintiff was granted leave to amend his complaint on February 14, 2005 to assert a cause of action under the FCRA, provided that "service of the amended verified pleading [was] made within twenty (20) days of the entry" of the order. (Feb. 14, 2005 Order).

3

No amended complaint was ever served, however.[2] Indeed, Defendants' Notice of Removal appears to implicitly acknowledge this, stating that "[t]his Notice of Removal is being filed within thirty (30) days after receipt by [Defendants] of the [February 14, 2005] Order." (Not. of Rem. ¶ 4). This Court's jurisdiction, however, cannot be invoked based on a state court order granting leave to assert a federal claim. Rather, this Court only has jurisdiction if the complaint "asserts a federal claim on its face." City of New York v. Verizon New York, Inc., 331 F. Supp. 2d 222, 225 (S.D.N.Y. 2004) (citing City of Rome, 362 F.3d at 174). As no amended complaint was ever served, the original complaint remains the operative complaint. International Controls Corp. v. Vesco, 556 F.2d 665 (2d Cir. 1977) (holding that an amended complaint remains "inchoate" and does not supersede the original complaint until it is served); In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1164 (S.D.N.Y. 1995). As the original complaint indisputably does not assert a federal claim, Defendants cannot use it to invoke this Court's jurisdiction. See also Korsinsky v. Salomon Smith Barney Inc., 2002 U.S. Dist. LEXIS 259, No. 01 Civ 6085, 2002 WL 27775, at *2 (S.D.N.Y. Jan. 10, 2002) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)); Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996).

Notwithstanding the absence of a federal claim in the original complaint, jurisdiction is nonetheless proper if federal law "completely preempts" the state law claims. City of Rome, 362 F.3d at 174. This exception is "narrow," Aetna U.S. Healthcare v. Maltz, 1999 U.S. Dist. LEXIS

---

[2] To the extent an Amended Complaint was served, Defendants have failed to bring it to the Court's attention, and they have therefore failed satisfy their burden of demonstrating jurisdiction. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Crazy Eddie, Inc. v. Cotter, 666 F. Supp. 503, 508 (S.D.N.Y. 1987) (holding that the removing party bears the burden of establishing that the case falls within the court's removal jurisdiction).

4

6708, at *7 (S.D.N.Y., May 4, 1999), and only applies where "the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Aetna U.S. Healthcare, 1999 U.S. Dist. LEXIS at *7 (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987) (quotations omitted).

The scope of the FCRA's preemption provision has been the subject of much discussion and disagreement in the federal courts. See Kane v. Guaranty Residential Lending, Inc. 2005 U.S. Dist. LEXIS 17052, at *15 (E.D.N.Y., May 16, 2005) (Korman, Ch. J.) ("The Courts of Appeals have not yet weighed in on . . . [the scope of the FCRA's preemption], and the District Courts have come up with at least three different approaches . . . ."); Harrison v. Ford Motor Credit Co., 2005 U.S. Dist. LEXIS 3, at *3 (D. Conn., Jan. 3, 2005) ("No court of appeals has taken up the issue of the preemptive scope of this section, and district courts have reached differing conclusions.") At the heart of this disagreement are "two overlapping and potentially contradictory preemption provisions, § 1681t(b)(1)(F) and § 1681h(e), which limit the circumstances under which plaintiffs may bring their state common law claims." Kane, 2005 U.S. Dist. LEXIS 17052, at *15 (quoting Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 781 (W.D. Ky 2003) (quotations omitted).

§ 1681h(e) provides, in relevant part, that

no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). This provision "does not preempt every possible action, as it allows plaintiffs to maintain tort actions . . . but requires [them] to prove malice or willful intent." Kane, 2005 U.S. Dist. LEXIS 17052, at *16. By contrast, § 1681t(b)(1)(F) provides that

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to specific sections of the Massachusetts Annotated Laws and the California Civil Code].

15 U.S.C. § 1681t(b)(1)(F). This provision thus appears to "grant absolute immunity to furnishers of information, [while § 1681h(e)] appears to bestow only qualified immunity . . . ." Kane, 2005 U.S. Dist. LEXIS 17052, at *17.

Of the three principal approaches adopted by the District Courts attempting to reconcile these provisions, Kane, 2005 U.S. Dist. LEXIS 17052, I join Chief Judge Korman and the majority of District Courts in adopting the "temporal approach." Id. at *24; Harrison v. Ford Motor Credit Co., 2005 U.S. Dist. LEXIS 3, at *3 ("The most recent, and better reasoned decisions, in my view, adopt the temporal approach . . . .") This approach, which finds preempted all claims other than those in which malice or intent can be shown, has the significant advantage of neither rendering one of the two provisions meaningless, Woltersdorf v. Pentagon Federal Credit Union, 320 F. Supp. 2d 1222, 1226 (N.D. Al. 2004), nor departing from the text of the statute. Kane, 2005 U.S. Dist. LEXIS 17052, at *23. Rather, it derives from the "plain language of the statute" and offers a solution that "demonstrates that the two provisions can (and perhaps were intended to) coexist." Woltersdorf, 320 F. Supp. 2d at 1226. I therefore find that the FCRA does not completely preempt state law claims, making removal impermissible. See also Marcus v. AT&T Corp., 138 F.3d 46, 54 (2d Cir. 1998) (noting that the Supreme Court has only approved the use of the "limited" doctrine of complete preemption in three areas, and

holding that "it is clear that the complete preemption doctrine applies only where Congress has clearly manifested an intent to disallow state law claims in a particular field.")[3]

IV. Conclusion

For the reasons set forth above, Defendants' motions for relief from judgment and to dismiss and/or strike Plaintiff's Fifth and Sixth causes of action are denied, and this action is hereby remanded to the Supreme Court of the State of New York, County of Suffolk. The Clerk of the Court is directed to close this case

/Sandra J. Feuerstein
United States District Judge

Dated: October 17, 2005
Central Islip, New York

---

[3] While it has been suggested in the past that an action lacking a federal claim may be removed if it has been artfully drafted to avoid asserting a necessary federal cause of action, it is now clear that the 'artful pleading' doctrine is coextensive with the complete preemption rule. Rivet v. Regions Bank, 522 U.S. 470, 475 (1998) ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim.") see also Caterpillar Inc. v. Williams, 482 U.S. 386, 397 n.11 (1987) (citing, in a discussion of the artful pleading doctrine, Moitie v. Federated Dep't Stores, 452 U.S. 394, 410 n.6 (1981) (Brennan, J. dissenting) ("Although occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization . . . most of them correctly confine this practice to areas of the law pre-empted by federal substantive law.") (internal quotations omitted)).

To:

Cory J. Covert
Law Offices of Cory Covert P.C.
1775 Expressway Drive N
Hauppauge, NY 11788

Debra L. Wabnik
Simmons, Jannace & Stagg, L.L.P.
75 Jackson Avenue
Syosset, NY 11791